IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01547-KLM

LUDIG MICHAUD, an individual,
CHRISTINE NAMAGEMBE, an individual, and
JOHN BOSCO KATEREGGA, an individual,

     Plaintiffs,

v.

UNITED STATES, a government entity.

     Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the United States' **Motion to Transfer Venue to the District of Utah Pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), or in the Alternative, 28 U.S.C. § 1401(a)** [17][1] ("the Motion to Transfer").  The Court has reviewed the Motion to Transfer [#17], the Response [#22], the Reply [#26] , the entire case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Motion to Transfer [#17] is **granted**.

## I.  Introduction

Plaintiffs seek damages for the death of Esther Nakajjigo, who died in a tragic accident

---

[1]  "[17]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

in a National Park located in Utah.  The Motion to Transfer [#17] argues that this Court is the

wrong venue in which to litigate this Federal Tort Claims Act ("FTCA") case.  *Id.* at 1.  Under

the federal statute defining venue for FTCA claims, the United States asserts that venue is

improper in Colorado because not all of the plaintiffs reside here and the event at issue did

not occur here.  *Id*.  The United States further argues that considerations of convenience and

fairness support transferring the case to the District of Utah.  *Id*.

## II.  Analysis

Under 28 U.S.C. § 1402(b), FTCA claims can be brought only in the judicial district

where all plaintiffs reside, or in the judicial district where the act or omission occurred.  *See*

*also Richards v. United States*, 369 U.S. 1, 12 n.25 (1962).  Here, only one of the Plaintiffs,

Ludig Michaud, Ms. Nakajjigo's husband, resides in Colorado.  Plaintiffs   Christine

Namagembe and John Bosco Kateregga, Ms. Nakajiggo's parents, reside in Uganda.  *See*

*generally Compl.* [#14] ¶¶ 4-6; *see also* Wallace Decl., Ex. 1 at Att. A, Claim for Damage,

Injury, or Death (SF-95) (noting Denver address for Mr. Michaud and Kampala, Uganda

addresses for Ms. Namagembe and Mr. Kateregga).  Furthermore, Utah is the judicial district

where the act or omission occurred.  Accordingly, the United States asserts that venue is not

proper in this Court, and that the case must be transferred to the District of Utah.

Plaintiffs argue, however, that the United States is incorrect in asserting that the FTCA

only allows filing in the plaintiff's home forum if *all* plaintiffs reside in that forum.  *Response*

[#22] at 3.  Plaintiffs further assert that they properly filed this suit in the district where

Mr. Michaud resides, who is the only United States party, and that the Uganda residence of

Ms. Namagembe and Mr. Kateregga does not impact the venue analysis.  *Id*. at 1-3.

According to Plaintiffs, the United States' argument would lead to the absurd result that no

United States resident could ever bring an FTCA action in their home district if there was an

additional foreign plaintiff in the lawsuit.  *Id*. at 3.  Finally, Plaintiffs aver that  the private and

public interest factors strongly favor keeping this case in the District of Colorado.  *Id*.  The

Court rejects these arguments.

First, while 28 U.S.C. § 1402(b) states that a tort claim against the United States "may

be prosecuted only where *the plaintiff* resides" (emphasis added), the Supreme Court in

*Richardson* interpreted this provision to mean that it "allow[s] suit to be brought *where all the*

*plaintiffs reside*. . . ."  *Id*. at 12 n. 25 (emphasis added).  The Court agrees with the United

States that the Supreme Court's construction of the venue provision of § 1402(b) is controlling,

even though it was made in connection with a choice of law analysis.  Statements of legal

principles in Supreme Court opinions are not rendered "hypothetical" or theoretical (*see*

*Response* [#22] at 4) simply because they are made in the context of a broader legal analysis.

Moreover, Plaintiffs have cited no authority to the contrary.

The Supreme Court's construction of § 1402(b) reflects the longstanding doctrine that

*all* plaintiffs must be competent to sue in a judicial district for venue to be proper there.  *See*

*Motion to Transfer* [#17] at 4-6 (collecting cases, and discussing legislative history of FTCA

venue provision and presumption that Congress is knowledgeable of existing law pertinent

to the legislation it enacts); *Reply* [#26] at 2.  As the United States argues, were the provision

construed as Plaintiffs advocate, victims of a mass tort like a plane crash could choose any

venue so long as at least one plaintiff resided there.  *Reply* [#26] at 4.

The Supreme Court's finding that venue is proper under 28 U.S.C. § 1402(b) only in the district where all plaintiffs reside is also consistent with the interpretation of the identically-worded venue provision in the same statute (28 U.S.C. §1402) for claims against the United States brought under the Little Tucker Act.  See 28 U.S.C. § 1402(a)(1).  Both §§ 1402(a)(1) and 1402(b) use identical language limiting venue in connection with a plaintiff's residence by requiring that such actions "may be prosecuted only in the judicial district where the plaintiff resides."  *Id*.  Courts nearly universally hold that "the meaning of the phrase, 'where the plaintiff resides,' as used in the Little Tucker Act's venue provision, requires that *all* plaintiffs reside in the district where they bring their claim."  *See Motion* [#17] at 6-7 (citing cases); *Reply* [#26] at 6.

While Plaintiffs argue that the FTCA and the Little Tucker Act are different statutes and that "identical language . . . in different provisions of the same statute" "may convey varying content" (Response [#22] at 4-5), this does not change the analysis.  There is no legal basis on which to conclude that the identically-worded venue provisions in the same statute mean two different things, and such a construction would be at odds with well-established canons of statutory construction. *See*, *e.g.*, *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 571 (2012) (recognizing that "it is a normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning") (internal quotation marks omitted).

The Supreme Court's construction of § 1402(b) is also consistent with the rule that "'limitations and conditions upon which the Government consents to sue must be strictly observed and exceptions thereto are not to be implied.'" *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (quotation omitted). The venue provision in Section 1402(b) is one such limitation, and may be a limitation not only on venue but also on jurisdiction. *See Reuber v. United States*, 750 F.2d 1039, 1048-49 (D.D.C. 1984) (recognizing § 1402(b) as a condition of the waiver of sovereign immunity under the FTCA). Thus, the Supreme Court has made clear that sovereign immunity "encompasses not merely *whether* [the government] may be sued, but *where* it may be sued." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). Therefore, in construing the waiver of immunity from suit contained in § 1402(b), the Court must resolve any potential ambiguity in the statute in favor of the United States and a stricter construction of the venue requirement. *See, e.g., FAA v. Cooper*, 566 U.S. 284, 290 (2012); *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Finally, as to the fact that Ms. Namagembe and Mr. Kateregga reside in Uganda, Plaintiffs are incorrect that this impacts the venue analysis. As the United States avers, the fact that these plaintiffs have no residence in the United States determines venue by default. *Reply* [#26] at 4. Because neither Ms. Namagembe nor Mr. Kateregga can satisfy the residency prong of § 1402(b), they must pursue their FTCA claims (like every other plaintiff who does not reside in the United States) in the logical alternative venue provided in § 1402(b), i,e., the district in which the act or omission giving rise to the claim occurred. Section 1402 does not permit the court to simply ignore the residency of the Plaintiffs. As

Plaintiffs in this case all chose to litigate, where they each reside affects where this action may proceed.

Based on the foregoing, Plaintiffs have failed to meet their burden to establish venue in the District of Colorado.  Because this case is filed in the wrong judicial district, the United States correctly notes that it is subject to dismissal for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1406(a).  However, the United States argues, and the Court agrees, that the interest of justice supports transferring the case to the District of Utah, rather than dismissing it outright.  *See* § 1406(a) (where case filed in wrong district, court may, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Transfer [#17] is **GRANTED**.  The Clerk of Court shall **TRANSFER** this case to the United States District Court for the District of Utah.

Dated:  December 9, 2021

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

-6-